UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80773-CIV-COHN-SNOW

VINCENT M. MALLIA,

    Plaintiff,

VERSUS

APPLIED CARD SYSTEMS, INC., and
ROCCO A. ABESSINIO, individually,

    Defendant.



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT APPLIED CARD SYSTEMS, INC.'S DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Vincent M. Mallia, on behalf of himself and similarly situated employees of Defendants, and through undersigned counsel, hereby moves this Honorable Court for an order striking the "defenses and affirmative defenses" of Defendant Applied Card Systems, Inc. ("ACS") pursuant to Federal Rule of Civil Procedure 12(f) for the following reasons:

### INTRODUCTION

In this case, Plaintiff, Vincent M. Mallia, alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to compensate him and similarly situated employees at no less than the statutorily-mandated minimum wage of $5.15 per hour for some of the hours that they worked, and by failing to compensate them at no less than the statutorily-mandated overtime rate of one and one-half times their regular rates of pay for hours worked in excess of 40 hours per week.



Mr. Mallia is filing the Motion to Strike which is the subject of this brief for two reasons. First, ACS has raised at least two defenses upon which it cannot possibly prevail under <u>any</u> set of facts, and thus, which cannot survive a Rule 12(b)(6) challenge.  It is well-established that eliminating such defenses at an early stage serves to expedite the litigation by eliminating the need to spend time and money conducting discovery regarding, and litigating, invalid legal issues.

Specifically, and as discussed in more detail below, ACS's unclean hands defense and its set-off defense fail to state a claim under Rule 12(b)(6).  Its unclean hands defense is legally flawed because it is an equitable defense which may not be raised in response to a claim for money damages, which is the only type of claim at issue here.  Its set-off defense is foreclosed by, *inter alia*, binding former Fifth Circuit precedent.  Thus, Mr. Mallia is requesting that both of these alleged defenses be stricken from ACS's answer without leave to amend.

Second, ACS's remaining defenses have been pled too generally to inform Mr. Mallia of the conduct which they purport to challenge, or to permit the Court to test their worth.  They do not contain a short and plain statement of the facts or allege the necessary legal elements of the alleged defenses.  Thus, Mr. Mallia is requesting that those remaining defenses be stricken from ACS's answer, but that ACS be given the opportunity to amend its answer to plead them in a manner that satisfies the minimum requirements of Rules 8 and 9 (assuming that ACS can do so within the bounds of Rule 11).

The undersigned counsel hereby certifies that he has conferred with counsel for ACS in a good-faith attempt to resolve the issues which are being raised in this Motion.  Specifically, on or about October 29, 2004, the undersigned sent a letter to ACS's counsel detailing the same

deficiencies in ACS's answer which are being raised herein. *See* October 29, 2004 Letter from William N. Hershman, Esq. to Mark E. Zelek, Esq. and Beth S. Joseph, Esq., attached hereto as Exhibit "A". On or about November 4, 2004, the undersigned spoke with Ms. Joseph by telephone. The undersigned confirmed that conversation in a letter to Ms. Joseph the same day. *See* November 4, 2004 Letter from William N. Hershman, Esq. to Mark E. Zelek, Esq. and Beth S. Joseph, Esq., attached hereto as Exhibit "B".

During the November 4, 2004 conversation, Ms. Joseph agreed that ACS would amend its answer to remove the redundancy between ACS's second and fourth defense, both of which allege that ACS acted in good faith and upon reasonable grounds. She also offered to omit ACS's sixth defense (i.e., the unclean hands defense) and its eighth defense (i.e., the failure to satisfy conditions precedent defense), but only if Mr. Mallia would agree not to bring a motion to strike with respect to any of ACS's remaining defenses. *See id.* The undersigned was unable to agree to that condition, so counsel were not able to reach an agreement regarding the sixth and eighth defenses.[1]

For all of these reasons, and those set forth in more detail below, Mr. Mallia respectfully requests that this Honorable Court grant his Motion to Strike.

## ARGUMENT AND CITATION TO AUTHORITY

### A.   STANDARD FOR MOTIONS TO STRIKE.

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey*

---

[1] The undersigned was unable to agree to that condition, in part, because doing so would have been a disservice both to Mr. Mallia and to this Court by allowing spurious legal issues, including ACS's legally flawed set-off defense, to remain in this case.

*Powder Co., Inc.*, 883 F.2d 1286, 1294 (7ᵗʰ Cir. 1989) (citation omitted).  "Defendants can defeat

plaintiff's motion to strike if each of their defenses: (1) is properly raised as an affirmative

defense; (2) meets the pleading requirements of *Rules 8* and *9*; and (3) withstands a *Rule 12(b)(6)*

challenge." *Ivanhoe Financial, Inc. v. Highland Banc Corp.*, 2004 U.S. Dist. LEXIS 18521, *8

(N.D. Ill. September 15, 2004) (citing *Bobbit v. Victorian House, Inc.*, 532 F. Supp. 734, 737

(N.D. Ill. 1982).[2]  As discussed below, none of ACS's defenses satisfy all three of these

requirements, so Mr. Mallia's Motion to Strike should be granted.

B.  THREE OF ACS'S ALLEGED DEFENSES ARE INSUFFICIENT AS A MATTER OF
    LAW, SO THEY SHOULD BE STRICKEN WITHOUT LEAVE TO AMEND.

> *Federal Rule of Civil Procedure 12(f)* authorizes this Court to strike
> defenses from a pleading which are insufficient as a matter of law.  Those
> defenses which are insufficient as a matter of law should be stricken 'in order to
> avoid unnecessary time and money in litigating invalid and spurious issues.'
> *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D.
> Fla. 1976).

*Lafayette Corp., Ltd v. Bank of Boston Int'l South & Algemene Bank Nederland, N.V.*, 723 F.

Supp. 1461, 1466 (S.D. Fla. 1989).[3]  "What constitutes an invalid defense depends upon the

---

[2] *See also Ring v. Bd. of Ed. Comm. Sch. Dist. No. 60*, 2004 U.S. Dist. LEXIS 14321, *5
(N.D. Ill. July 27, 2004) (citation omitted); *Williams v. Provident Investment Counsel, Inc.*, 279
F. Supp. 2d 894, 906 (N.D. Oh. 2003) (quoting *Renalds v. S.R.G. Restaurant Group, Chicago,
LLC*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000)) (additional citation omitted).

[3] *See also Heller*, 883 F.2d at 1294 ("Midwhey places great reliance on the general rule
that motions to strike are disfavored. . . .  But where, as here, motions to strike remove
unnecessary clutter from the case, they serve to expedite, not delay."); *Owens v. Unum Life Ins.
Co.*, 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003) (citation omitted) ("If the determination of
invalidity can be made at an early stage it will enable the parties to proceed with the litigation in
the proper posture."); *FDIC v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994)
(citations omitted) ("[C]ourts have recognized that such motions may serve to hasten resolution
of cases by eliminating the need for discovery, which in turn saves time and litigation
expenses.")

nature of the claim for relief and the defense in question." *Owens*, 285 F. Supp. 2d at 780 (citations omitted).

As mentioned above, ACS's unclean hands defense and its set-off defense do not state a claim upon which relief may be granted.[4]  According to, among others, the Southern District of Florida, such defenses should be stricken early in the litigation to avoid wasting time and resources. *See, e.g., Lafayette Corp.*, 723 F. Supp. at 1466 (citation omitted).  These concerns are even more pronounced in this case because it has been brought as a collective action, both on behalf of Mr. Mallia <u>and</u> on behalf of other similarly situated employees.  Thus, failing to address the viability of these two defenses at this stage may result in extensive discovery with respect to numerous parties as to legal issues which should never have been raised in this case anyway.

**1.    This lawsuit seeks money damages for violations of the wage and overtime provisions of the FLSA, but unclean hands is an equitable defense that does not apply to claims for monetary relief.**

In its sixth affirmative defense, ACS alleges that "[a]ll or part of Plaintiff's damages, if any, and the damages of those associates who allegedly are 'similarly situated' to Plaintiff, if any, are barred in whole or in part by the <u>equitable doctrine</u> of unclean hands." (*See* Defendant ACS's Sixth Affirmative Defense) (emphasis added).[5]  However, "unclean hands is an equitable defense that does not apply to claims for monetary relief." *Jones v. Sabis Educational Systems, Inc.*, 2000 U.S. Dist. LEXIS 5525, *8-*9 (N.D. Ill. 2000) (citations omitted) (striking affirmative defense of unclean hands because claim against which it was raised was for money damages for

---

[4] In addition, Mr. Mallia is requesting that the Court strike ACS's purported reservation of rights to make further amendments to its answer, which is not a defense at all.

[5] Again, counsel for ACS offered to remove the unclean hands defense, but only if Mr. Mallia would agree not to file this Motion.

breach of contract). *See also Polin v. Wisehart & Koch*, 2004 U.S. Dist. LEXIS 17501, *17

(S.D.N.Y. September 3, 2004) (citations omitted) ("The doctrine of unclean hands is an

'equitable defense and unavailable in an action seeking money damages.'")

"For violations of the wage and overtime provisions, the FLSA does not list equitable

relief as an available remedy in an employee suit." *Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d

1333, 1335 (11th Cir. 2002) (citing 29 U.S.C. § 216(b)). "The only remedies § 216(b) provides

for violations of the FLSA's wage and overtime provisions . . . are 'the amount of their unpaid

minimum wages, or their unpaid overtime compensation . . . and . . . an additional equal amount

as liquidated damages." *Id.* at 1336 n. 4 (quoting § 216(b)). Thus, this is a case for money

damages, not for equitable relief, *see id.* at 1335 & 1336 n. 4, so ACS's unclean hands defense

should be stricken without leave to amend. *See generally Jones*, 2000 U.S. Dist. LEXIS 5525 at

*8-*9.

Even if the unclean hands defense were sustainable, which Mr. Mallia specifically denies,

it is also inadequately pled. "The equitable doctrine of unclean hands precludes a party who has

been guilty of misconduct <u>amounting to fraud or bad faith connected to the subject matter of the

litigation</u> from seeking any relief from a court in equity." *Ivanhoe Financial*, 2004 U.S. Dist.

LEXIS 18521 at *19-*20 (citation omitted) (emphasis added). *See also ITT Community

Development Corp. v. Barton*, 457 F. Supp. 224, 231 (M.D. Fla. 1978) (citing *Precision

Instrument Manufac. Co. v. Automotive Main. Mach. Co.*, 324 U.S. 806, 814-15 (1945)). Here,

ACS has not alleged any such fraud or bad faith, nor any ultimate facts at all to support any such

allegation. *See Ivanhoe Financial*, 2004 U.S. Dist. LEXIS 18521 at *20 (striking unclean hands

defense where, although the defendants alleged that plaintiff acted in a "fraudulent manner with

respect to the dispute at issue" in the case, the defendants did not describe that fraud at all).

Thus, ACS's unclean hands defense should be stricken for that reason as well. *See id.*

> **2.    Under binding former Fifth Circuit precedent, ACS's attempt to obtain a set-off for compensation and benefits, which it alleges it would not have paid Mr. Mallia if it had properly classified him as a non-exempt employee, fails to state a claim upon which relief can be granted.**

In its ninth affirmative defenses, ACS is asking the Court for "a set-off for all

compensation and benefits Plaintiff would not otherwise have received if he was classified as a

non-exempt associate." (*See* ACS's Ninth Affirmative Defense). If other similarly situated

employees opt into this action, ACS will most likely attempt to raise a similar defense to their

claims as well.

ACS's set-off argument is specifically foreclosed by binding former Fifth Circuit

precedent. *See Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974).[6] *Heard* squarely held that "[s]et-

offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act,

and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage

and overtime provisions, whether the suit is initiated by individual employees or by the Secretary

of Labor." 491 F.2d at 4.[7]  Thus, it reversed the district court's decision, which had permitted the

---

[6] The Eleventh Circuit sitting en banc adopted as precedent the law of the Fifth Circuit as it existed on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

[7] The following discussion by the former Fifth Circuit in *Heard* is also instructive here:

> The federal courts were <u>not</u> designated by the FLSA to be either <u>collection agents</u> or arbitrators for an employee's creditors.  Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages.  Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.  The <u>only</u> <u>economic feud</u> contemplated by the FLSA involves the <u>employer's obedience to</u> <u>minimum wage and overtime standards</u>. . . .

employer to set-off the value of certain goods which it provided to its employees against the minimum wage and overtime that it owed to its employees. *See id.* at 3-4.

In the same vein, in *Ballaris v. Wacker Siltronic Corp.*, the Ninth Circuit recently held that compensation for paid lunch periods could not be used to offset overtime compensation owed for violations of the FLSA. *See* 370 F.3d 901, 913-14 (9th Cir. 2004) (citing *Dunlop v. Gray Goto, Inc.*, 528 F.2d 792, 794-95 (10th Cir. 1976); 29 C.F.R. § 778.320). And, in *Dunlop v. Gray Goto, Inc.*, a case with facts which are virtually identical to those involved here, the Tenth Circuit held that "fringe benefits in the form of paid vacations, holiday pay, biannual bonuses, and pay for health, life, and accident insurance cannot be credited toward overtime compensation due under the Act[.]" *See Ballaris*, 370 F.3d at 913 (parenthetically describing the holding of *Dunlop*, 528 F.2d at 794-95). In reaching that conclusion, the Tenth Circuit relied, in part, on the former Fifth Circuit's decision in *Heard, supra*. *See Dunlop*, 528 F.2d at 794 (quoting *Heard*, 491 F.2d at 4).[8] For all of these reasons, ACS's set-off defense fails to state a claim under Rule 12(b)(6) and, therefore, it must be stricken without leave to amend.

### 3. ACS's eleventh defense should never have been included in its answer because it is not a defense at all.

ACS's eleventh "defense," in which it purports to reserve a right to add additional

---

491 F.2d at 4 (emphases added).

[8] The Department of Labor ("DOL") regulations likewise recognize that payments by an employer to an employee which were not made as compensation for the employee's hours worked in any workweek cannot be credited toward overtime compensation due under the FLSA. *See* 29 C.F.R. § 778.216. *See also* 29 C.F.R. § 778.218(a); 29 C.F.R. § 778.320(b). These regulations are controlling as long as they are based upon a permissible construction of the FLSA. *See Falken v. Glynn County*, 197 F.3d 1341, 1346 (11th Cir. 1999) (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984)).

defenses and affirmative defenses, is not a defense at all. Even if ACS could reserve the right to amend its defenses beyond what is permitted by the applicable rules, which Mr. Mallia specifically denies, any such reservation should not be listed as an affirmative defense. Thus, that purported defense should be stricken without leave to amend as well.

C.    ACS'S REMAINING DEFENSES DO NOT SATISFY THE MINIMUM PLEADING
      REQUIREMENTS OF THE FEDERAL RULES, SO THEY SHOULD BE STRICKEN
      WITH LEAVE TO AMEND (ASSUMING THAT ACS CAN DO SO WITHIN THE
      CONFINES OF RULE 11).

ACS's remaining defenses fail to satisfy the "short and plain statement" requirement of Rule 8(a). "While the affirmative defense need only set forth a short and plain statement of the defense asserted, if it is insufficient on its face or consists of merely a 'bare bones, conclusory allegation,' it must be stricken." *Ring v. Bd. of Ed. Comm. School Dist. No. 60*, 2004 U.S. Dist. LEXIS 14321, *6 (N.D. Ill. 2004) (citation omitted).[9]

Thus, to satisfy Rule 8, each such defense must be pled with sufficient detail to alert the plaintiff of the conduct which the defense purports to challenge, and to allow the Court to test the legal merits of the defense. *See Ivanhoe Financial*, 2004 U.S. Dist. LEXIS 18521 at *10 ("Defendants have pled the [] affirmative defense too generally to alert plaintiff to the conduct they challenge or to allow the Court to test its worth.")[10] All of ACS's purported defenses have

---

[9] *See also Heller Financial*, 883 F.2d at 1295 ("The remaining defenses are equally meritless. They are nothing but bare bones conclusory allegations. Midwhey omitted any short and plain statement of the facts and failed totally to allege the necessary elements of the alleged claims."); *Modular Homes, Inc.*, 859 F. Supp. at 121 (citations omitted) ("Defenses that are 'nothing but bare bones conclusory allegations' can be stricken.")

[10] *See also Conley v. Gibson*, 355 U.S. 41, 47 (1957) (pleading must provide the opposing party fair notice of what the legal claim embodied therein is, and of the grounds upon which it rests); *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* para. 8.13 at 8-118 (2 ed. 1984)) ("[S]ufficient detail must be given so

been pled much to generally to satisfy these standards.

1. **ACS's second and fourth defenses fail to allege the three legal elements which the Eleventh Circuit has held must be pled in order to sustain them, and fail to include any short and plain statement of the facts.**

ACS's fourth defense states that "If Plaintiff and those allegedly 'similarly situated associates,' if any, prove that ACS, acted in violation of the Fair Labor Standards Act, such action was not willful or reckless, but rather was in good faith, and based upon a reasonable belief that such action was not a violation of the Fair Labor Standards Act, and thus, neither liquidated damages nor a three year statute of limitations would be warranted." (*See* ACS's Fourth Affirmative Defense).[11]

In the Eleventh Circuit, in order to avoid the imposition of liquidated damages (i.e., double damages), an "employer must plead and prove that the act or omission complained of was: (1) in good faith; (2) in conformity with; and (3) in reliance on an administrative regulation, order, ruling, approval or interpretation of an agency of the United States." *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579, *modified*, 776 F.2d 265 (11th Cir. 1985) (citations omitted) (emphasis added); *Sack v. Miami Helicopter Serv.*, 986 F. Supp. 1456, 1472 (S.D. Fla. 1997) (quoting *Olson*, 765 F.2d at 1579).

ACS's second and fourth defenses fail to plead all three of these legal elements, and fail to allege any facts to support the existence of any of them. *See Heller Financial*, 883 F.2d at

_____

that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.")

[11] Similarly, ACS's second defense states that "ACS acted reasonably and in good faith compliance with the Fair Labor Standards Act." (*See* ACS's Second Affirmative Defense). ACS has already agreed to amend its answer to remove the obvious redundancy between its second and fourth defenses. *See* Fed. R. Civ. P. 12(f) (permitting redundant matters to be stricken).

1295 (striking defenses which "omitted any short and plain statement of the facts and failed totally to allege the necessary elements of the alleged claims.")  Thus, they should be stricken with leave to amend so that ACS can, if appropriate, attempt to satisfy the pleading requirements established by the Eleventh Circuit in *Olson, supra*, for a defense seeking to avoid the imposition of liquidated damages.  *See* 765 F.2d at 1579.

**2.    ACS's ninth defense fails to identify all of the purported "white collar exemptions" upon which it intends to rely and, even for the two which are identified by name, it fails to plead their legal elements and, again, fails to include a short and plain statement of the facts.**

ACS's ninth defense merely states that "[f]or some or all of the statute of limitations, Plaintiff and those allegedly 'similarly situated associates,' if any, were exempt from the overtime pay requirements under the Fair Labor Standards Act under the administrative and executive exemptions and/or other white collar exemptions." (*See* ACS's Ninth Affirmative Defense).  It thus fails to set forth <u>any</u> of the legal elements of the administrative and executive exemptions.  *See generally Sack v. Miami Helicopter Service, Inc.*, 986 F. Supp. 1456, 1464 (S.D. Fla. 1997) (citations omitted) (reciting legal elements of executive exemption); *id.* at 1468 (citations omitted) (reciting legal elements of administrative exemption).  It also does not identify the remaining "other white collar exemptions" that it refers to.  And, like ACS's other defenses, this one fails to include any short and plain statement of the facts alleged to support it.  *See Heller Financial*, 883 F.2d at 1295.  Thus, it, too, should be stricken with leave to amend.

**3.    ACS's fifth defense is far too vague to even alert Mr. Mallia of the legal basis, if any, for that defense.**

ACS's fifth defense states: "Plaintiff's damages and, the damages of those allegedly 'similarly situated,' if any, are limited by the provisions of the Fair Labor Standards Act." (*See*

ACS's Fifth Affirmative Defense).  But Mr. Mallia cannot guess, and should not have to try to guess, which FLSA provisions ACS contends purportedly limit his and similarly situated employees' damages, or why.[12]  Thus, this defense should be stricken with leave to amend too.

**4.    ACS's first, seventh and eighth defenses fail to put Mr. Mallia on notice of which facts ACS claims are missing from his complaint, and of which conditions precedent ACS claims have not occurred.**

ACS's first defense alleges that Mr. Mallia's complaint fails to allege sufficient ultimate facts upon which relief can be granted (*see* ACS's First Affirmative Defense), but, ironically, that defense fails identify which ultimate facts are supposedly missing.  Likewise, its seventh defense alleges that Mr. Mallia has not alleged sufficient facts to justify a collective action (*see* ACS's Seventh Affirmative Defense), and its eighth affirmative defense alleges hat Mr. Mallia has failed to meet the conditions precedent for bringing a collective action (*see* ACS's Eighth Affirmative Defense).[13] but those defenses fail to identify which facts are supposedly missing and what conditions precedent ACS is claiming that Mr. Mallia has failed to satisfy.

Thus, ACS's first, seventh and eighth defenses should be stricken because they do not satisfy the short and plain statement requirement of Rule 8(a).  *See generally Builders Bank v. First Bank & Trust Co. of Ill.*, 2004 U.S. Dist. LEXIS 5016, *11 (N.D. Ill. 2004) (emphasis in original) ("An affirmative defense for failure to state a claim necessarily requires the person bringing the defense to point to the *absence* of some crucial fact or allegation from a

---

[12] To the extent that the fifth defense refers to the same matter raised in the second and fourth defenses, i.e., the liquidated damages issue, it is redundant.  *See* Fed. R. Civ. P. 12(f) (permitting redundant matters to be stricken).

[13] Again, counsel for ACS offered to remove the eighth defense, but only if Mr. Mallia would agree not to file this Motion.

complaint."); *id.* at *12 (text in brackets added) (striking a failure to state a claim defense for vagueness because it failed to "put the plaintiff on notice of the legal reasons for the [alleged] deficiencies in [his] complaint.")  The eighth defense is also insufficient under Rule 9. *See* Fed. R. Civ. P. 9(c) (denials of performance of conditions precedent must "be made specifically and with particularity.")  Thus, it should be stricken for that additional reason as well.

In sum, under the applicable rules of pleading, Mr. Mallia should not be forced to guess about the legal bases or the grounds for ACS's alleged defenses. *See Conley*, 355 U.S. at 47. *See also Heller Financial*, 883 F.2d at 1295 (striking defenses consisting merely of "bare bones conclusory allegations.")  But, Mr. Mallia is having to guess because ACS has not fulfilled its duty under the Federal Rules to allege its defenses with sufficient detail to permit Mr. Mallia, and this Court, to test the legal validity of each defense. *See Fullman*, 739 F.2d at 556; *Ivanhoe Financial*, 2004 U.S. Dist. LEXIS 18521 at *10.  As a consequence, Mr. Mallia respectfully requests that the Court strike these defenses, and require ACS to attempt to allege them in a manner which complies with the minimum pleading requirements of the Federal Rules.

<u>CONCLUSION</u>

Plaintiff, Vincent M. Mallia, respectfully requests that this Honorable Court grant his Motion to Strike.  Specifically, he requests that ACS's sixth and ninth defenses, the unclean hands and set-off defenses, be stricken without leave to amend because they fail to state a claim upon which relief can be granted.  He also requests that its eleventh defense, which purports to reserve to ACS the right to make additional amendments and is thus not a real defense at all, be stricken without leave to amend.  Finally, Mr. Mallia is requesting that ACS be required to amend its answer with respect to its remaining defenses to allege them in a manner that satisfies

the minimum pleading requirements of Rules 8 and 9.

Respectfully submitted this 8th day of November, 2004.

LAW OFFICE OF WILLIAM N. HERSHMAN, P.A.
ATTORNEY FOR PLAINTIFF
By: WILLIAM N. HERSHMAN
1001 NORTH FEDERAL HIGHWAY, SUITE 301
HALLANDALE, FLORIDA 33009
TEL: (954) 458-1345
FAX: (954) 458-1324
EMAIL: WILLIAMHERSHMAN@AOL.COM
FLORIDA BAR NUMBER:  617962

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Motion to Strike Defendant

Applied Card Systems, Inc.'s Defenses and Affirmative Defenses to Plaintiff's Complaint, and

Incorporated Memorandum of Law has been served upon counsel for all parties, specifically

those listed immediately below, by depositing same in the United States Mail, properly addressed

and first class postage prepaid, on this 8th day of November, 2004:

Mark E. Zelek, Esq.
Beth S. Joseph, Esq.
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339

WILLIAM N. HERSHMAN

Mallia.MotStrikeACSAns&Memo.110804

EXHIBIT "A"

LAW OFFICE OF WILLIAM N. HERSHMAN, P.A.
HOLLYWOOD EXECUTIVE CENTER
1001 NORTH FEDERAL HIGHWAY, SUITE 301
HALLANDALE, FLORIDA 33009
TELEPHONE: (954) 458-1345
FACSIMILE: (954) 458-1324
E-MAIL: WILLIAMHERSHMAN@AOL.COM

October 29, 2004

*Via U.S. Mail & Facsimile*

Mark E. Zelek, Esq.
Beth S. Joseph, Esq.
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339

Re:   *Vincent M. Mallia v. Applied Card Systems, Inc. and Rocco
A. Abessinio*, Case No. 04-80773-CIV-COHN-SNOW

Dear Counsel:

I hope this letter finds you well. First, it has now been more than a week since I sent you a letter asking whether your client would agree to a continuance in the above-referenced matter. Pursuant to the Local Rules of the Southern District of Florida, all counsel must cooperate and act in good faith in attempting to resolve issues to be raised in an anticipated motion. *See* S.D. Fla. L.R. 7.1.A.3. Please inform me of your client's position on that issue as soon as possible.

Second, this letter is in furtherance of my duty to confer before filing a motion to strike your client's "defenses and affirmative defenses" pursuant to Federal Rule 12(f). Specifically, "affirmative defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). *See also Lafayette Corp., Ltd. v. Bank of Boston International South*, 723 F. Supp. 1461, 1466-67 (S.D. Fla. 1989). Motions to strike are desirable where, as here, they "remove unnecessary clutter from the case," and thus serve to expedite the proceedings. *See Heller*, 883 F.2d at 1294.

"Defendants can defeat plaintiff's motion to strike if each of their defenses: (1) is properly raised as an affirmative defense; (2) meets the pleading requirements of *Rules 8* and *9*;

Page 1 of 4

and (3) withstands a *Rule 12(b)(6)* challenge." *Ivanhoe Financial, Inc. v. Highland Banc Corp.,* 2004 U.S. Dist. LEXIS 18521, *8 (N.D. Ill. September 15, 2004). *See also Williams v. Provident Investment Counsel, Inc.,* 279 F. Supp. 2d 894, 906 (N.D. Oh. 2003) (quoting *Renalds v. S.R.G. Restaurant Group, Chicago, LLC,* 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000)) (additional citation omitted).

None of your client's "defenses and affirmative defenses" satisfy all three of these requirements. For instance, none of them satisfies the "short and plain statement" requirement of Rule 8(a), and none of them alleges the necessary elements of the purported defenses. *See Heller Financial,* 883 F.2d at 1295; *Ring v. Bd. of Ed. Comm. School Dist. No. 60,* 2004 U.S. Dist. LEXIS 14321 (N.D. Ill. 2004) (citation omitted) (an affirmative defense consisting merely of a "bare bones, conclusory allegation" must be stricken); *Ivanhoe Financial,* 2004 U.S. Dist. LEXIS 18521 at *10 ("Defendants have pled the [] affirmative defense too generally to alert plaintiff to the conduct they challenge or to allow the Court to test its worth.") Ironically, your client's first and seventh defenses, which appear to be versions of a failure to state a claim defense, are violate Rule 8(a) because they fail to include any allegations of any ultimate facts themselves. *See Builders Bank v. First Bank & Trust Co. of Ill.,* 2004 U.S. Dist. LEXIS 5016, *7-*12 (N.D. Ill. 2004).

Your client's second and fourth defenses are redundant, so at least one of the two must be stricken. *See Builders Bank,* 2004 U.S. Dist. LEXIS 5016 at *12 (citing Fed. R. Civ. P. 12(f)). Also, they both fail to allege a single fact evincing your client's alleged good faith, or supporting its bare assertion that it supposedly acted upon reasonable grounds. In the Eleventh Circuit, in order to avoid the imposition of liquidated damages, an "employer must <u>plead and prove</u> that the act or omission complained of was: (1) in good faith; (2) in conformity with; and (3) in reliance on an administrative regulation, order, ruling, approval or interpretation of an agency of the United States." *Olson v. Superior Pontiac-GMC, Inc.,* 765 F.2d 1570, 1579, *modified,* 776 F.2d 265 (11th Cir. 1985) (citations omitted) (emphasis added). But your client has not even alleged the second and third elements of the defense, much less any facts to support any of the elements thereof.

Similarly, your client's ninth affirmative defense fails to set forth the legal elements of the administrative and executive exemptions (and of whatever the remaining unidentified "other white collar exemptions" are supposed to be), or to cite a single ultimate fact in support of those legal elements. *See generally Sack v. Miami Helicopter Service, Inc.,* 986 F. Supp. 1456, 1464 (S.D. Fla. 1997) (citations omitted) (reciting legal elements of executive exemption); *id.* at 1468 (citations omitted) (reciting legal elements of administrative exemption). Thus, your client has not pled sufficient information to alert my client of the conduct alleged to support its second, fourth and ninth defenses, or to allow the Court to test each defense's worth. *See generally Ivanhoe Financial,* 2004 U.S. Dist. LEXIS 81521 at *10.

Your client's fifth affirmative defense fails to allege a single ultimate fact, or to identify which provisions of the FLSA purportedly limit my client's damages. To the extent that the fifth

defense refers to the same matter raised in the fourth defense, i.e., liquidated damages, it, too, is redundant. *See* Fed. R. Civ. P. 12(f) (permitting redundant matters to be stricken). Your client's eighth affirmative defense completely fails to identify which conditions precedent your client claims that my client has failed to meet for bringing a collective action. That defense, as worded, is clearly insufficient under, *inter alia*, Rule 9. *See* Fed. R. Civ. P. 9(c) (denials of performance or concurrence of conditions precedent must "be made specifically and with particularity.")

Your client's sixth affirmative defense, i.e., the "unclean hands" defense, is legally insufficient. *See Ivanhoe Financial*, 2004 U.S. Dist. LEXIS 18521 at *8 (citation omitted) (motion to strike should be granted if defense would not withstand a Rule 12(b)(6) challenge). "[U]nclean hands is an equitable defense that does not apply to claims for monetary relief." *Jones v. Sabis Educational Systems, Inc.*, 2000 U.S. Dist. LEXIS 5525, *8-*9 (N.D. Ill. 2000) (citations omitted) (striking affirmative defense of unclean hands because claim against which it was raised was for money damages for breach of contract). *See also Polin v. Wisehart & Koch*, 2004 U.S. Dist. LEXIS 17501, *17 (S.D.N.Y. September 3, 2004) (citations omitted) ("The doctrine of unclean hands is an 'equitable defense and unavailable in an action seeking money damages.'") "For violations of the wage and overtime provisions, the FLSA does not list equitable relief as an available remedy in an employee suit." *Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1335 (11th Cir. 2002). *See also id.* at 1336 n. 4. Thus, because my client's case is one for money damages, your client's sixth defense fails to state a claim under Rule 12(b)(6).

Even if the defense of unclean hands could be raised in response to an action for unpaid overtime and liquidated damages under the FLSA, which my client specifically denies, that defense is inadequately pled. "The equitable doctrine of unclean hands precludes a party who has been guilty of misconduct amounting to fraud or bad faith connected to the subject matter of the litigation from seeking any relief from a court in equity." *Ivanhoe Financial*, 2004 U.S. Dist. LEXIS 18521 at *19-*20 (citation omitted). *See also ITT Community Development Corp. v. Barton*, 457 F. Supp. 224, 231 (M.D. Fla. 1978) (citing *Precision Instrument Manufac. Co. v. Automotive Main. Mach. Co.*, 324 U.S. 806, 814-15 (1945)). Here, your clients have made no such allegations to support the bare legal conclusion that my client allegedly has or had unclean hands. *See Ivanhoe Financial*, 2004 U.S. Dist. LEXIS 18521 at *20 (striking unclean hands defense where, although the defendants alleged that plaintiff acted in a "fraudulent manner with respect to the dispute at issue" in the case, the defendants did not describe that fraud at all).

Your client's ninth affirmative defense is also legally insufficient under Rule 12(b)(6). Specifically, the set-off argument which your client is attempting to raise in that defense is not permitted in a FLSA action. *See Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976). *See also Marshall v. Wallace Oil Co.*, 1980 U.S. Dist. LEXIS 14549, *6 (N.D. Ga. 1980) ("This Court concludes that, in this circuit, neither set-off nor recoupment is permitted in an action for unpaid back wages under the FLSA. Plaintiff's motion to strike defendants' counterclaim is Granted.") In *Dunlop*, the district court allowed certain fringe benefits, including paid vacations and holidays, biannual bonuses, and extensions of insurance benefits to be set-off against unpaid overtime otherwise due to the plaintiffs. *See* 528 F.2d at 793-794. "In so holding the trial court

relied on its finding that the defendant and its employees had expressly agreed that such fringe benefits would take the place of overtime pay." *Id.* at 793. The Tenth Circuit reversed, holding that 29 U.S.C. § 207(h) did not permit such benefits to "be credited towards overtime compensation due under the Act." *See id.* at 794. *See also id.* (citing supporting authorities). Thus, your client's ninth defense also fails to state a claim under Rule 12(b)(6).

Your client's eleventh defense is not a defense at all. Even if your client could reserve the right to amend its defenses beyond what is permitted by the applicable rules, which my client specifically denies, any such reservation should not be listed as an affirmative defense. Therefore, that purported defense, too, must be removed from your client's answer.

Please inform me whether your client will amend its answer to cure some or all of the deficiencies discussed above. That way, I will be able to decide whether it will still be necessary for my client to file a motion to strike and, if so, I can narrow the issues to be addressed in that motion with respect to any amendments that your client agrees to make. It is important that I hear from you as soon as possible so that I will have sufficient time to prepare my client's motion to strike in advance of its filing deadline.

I look forward to hearing from you. Thank you very much.

Best Regards,

William N. Hershman

cc:   Vincent M. Mallia

Mallia.ACSDefCounsel.102904

Page 4 of 4

EXHIBIT "B"

**LAW OFFICE OF WILLIAM N. HERSHMAN, P.A.**
HOLLYWOOD EXECUTIVE CENTER
1001 NORTH FEDERAL HIGHWAY, SUITE 301
HALLANDALE, FLORIDA 33009
TELEPHONE: (954) 458-1345
FACSIMILE: (954) 458-1324
E-MAIL: WILLIAMHERSHMAN@AOL.COM

November 4, 2004

*Via U.S. Mail & Facsimile*

Beth S. Joseph, Esq.
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339

Re:   *Vincent M. Mallia v. Applied Card Systems, Inc. and Rocco A. Abessinio*, Case No. 04-80773-CIV-COHN-SNOW

Dear Beth:

I am writing to make sure I understood your client's position as reflected in our conversation this evening. Your client, Applied Card Systems, Inc., will agree to amend its answer to remove the redundancy reflected in its second and fourth defenses irrespective of whether my client files a motion to strike. If my client agrees to refrain from filing a motion to strike, your client will agree to amend its answer to remove its sixth affirmative defense (i.e., the "unclean hands" defense) and its eighth affirmative defense (because, as you acknowledged, my client attached to his complaint his consent to opt into the above-referenced action). However, if my client decides to file a motion to strike, your client will not agree to amend its answer to remove its sixth and eighth defenses. Please inform me immediately if my understanding of your client's position is in any manner incorrect.

Also, I would appreciate it if you would provide me with any legal authority which you believe supports your position that your client's ninth affirmative defense (i.e., its set-off defense) is a viable one under the FLSA. Any such authority might affect my client's position in his anticipated motion to strike regarding that alleged defense.

I look forward to hearing from you. Thank you very much.

Best Regards,

William N. Hershman

Mallia.ACSDefCounsel.110404