UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80773-CIV-COHN

VINCENT M. MALLIA,

    Plaintiff,

vs.

APPLIED CARD SYSTEMS, INC. and
ROCCO A. ABESSINIO,

    Defendants.

_____/



## ORDER GRANTING IN PART MOTION TO STRIKE DEFENSES
## ORDER GRANTING IN PART MOTION FOR CONTINUANCE
## ORDER GRANTING MOTION TO EXCEED PAGE LIMITATION

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Defendant Applied Card System's Defenses and Affirmative Defenses [DE 8], Plaintiff's Motion for Continuance of Trial [DE 10], and Plaintiff's Motion to Exceed Page Limitation [DE 16]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

### I. BACKGROUND

Vincent Mallia ("Plaintiff" or "Mallia") filed this action against his former employer, Applied Card Systems, Inc. ("ACS"), and its Chairman, Rocco Abessinio, for failure to pay minimum wages and failure to pay overtime compensation in violations of the Fair Labor Standards Act ("FLSA"). Defendants filed Answers to the Complaint, including affirmative defenses. Plaintiff moved to strike certain affirmative defenses asserted by ACS.[1] Plaintiff seeks to strike certain defenses with prejudice, as inappropriate

---

[1] The Court notes that Defendant Abessinio's Answer and Affirmative Defenses was not filed until December 20, 2004. Therefore, Abessinio's affirmative defenses are



defenses to an FLSA action, while other defenses are sought to be struck without prejudice, with leave to amend. In its opposition to the motion, ACS has withdrawn its Second and Eighth Affirmative Defendant.

## II. DISCUSSION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party ... the court may order stricken from any pleading any insufficient defense." Though disfavored in federal practice, a motion to strike may be granted with regard to a defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation. Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958).[2]

### A. First/Third/Fifth/Seventh Affirmative Defenses

Plaintiff argues that several of ACS's affirmative defenses are too vague and must be stricken with leave to amend. These three defenses appear to be in the nature of general statements of denial. For example, the first defense merely states that Plaintiff has failed to allege "sufficient ultimate facts" in support of his claims. See Defendant Applied Card Systems' Answer, Defenses and Affirmative Defenses at 8 [DE 6]. The third defense states that Plaintiff's claims are barred by the "applicable

---

not the subject of Plaintiff's motion, which became ripe on December 8, 2004. However, the Court notes that the Court's rulings regarding the sufficiency of ACS's pleading would also apply to Defendant Abessinio's pleading.

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

statute of limitations," while the seventh defense states that Plaintiff "has not alleged sufficient facts to justify any collective action." Id. at 9. The Court concludes that under the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure, these three defenses should not be stricken. Though not specific, these defenses still put Plaintiff on notice that ACS will assert that Plaintiff has not proved his claim, that all or part of any claim is barred by the statute of limitations, and that Defendant may oppose an attempt to make this case a collective action. Therefore, the motion to strike is denied as to these three defenses.

However, upon review of the fifth defense, this defense, which specifically relates to Plaintiff's damages, is too vague. By simply stating that Plaintiff's damages "are limited by the provisions" of the FLSA, ACS has not put Plaintiff on notice as to what provision of the FLSA limits the damages. As argued in its opposition to the motion, ACS may be arguing that only back pay, overtime pay, liquidated damages and attorney's fees are allowable, rather than Plaintiff's allegedly more expansive damage demand. See Complaint, ¶ 56. However, if this is the case, such defense should be rephrased to provide sufficient notice to Plaintiff regarding this assertion.[3]

### B. Good Faith Defense to Wilfulness

ACS's fourth defense asserts that if there was any violation of the FLSA, such action "was not willful or reckless, but rather was in good faith, and based upon a reasonable belief that such action was not a violation" of the FLSA. See Defendant Applied Card Systems' Answer, Defenses and Affirmative Defenses at 9 [DE 6]. Plaintiff

---

[3] See discussion *infra* regarding equitable claims.

argues, correctly, that in the Eleventh Circuit "[t]he employer must plead and prove that the act or omission complained of was: (1) in good faith; (2) in conformity with; and (3) in reliance on an administrative regulation, order, ruling, approval or interpretation of an agency of the United States." Olson v. Superior Pontiac-GMC, Inc., 765 F.2d 1570, 1579, *modified on other grounds*, 776 F.2d 265 (11th Cir. 1985) (citing Portal to Portal Pay Act, 29 U.S.C. §§ 258, 260).[4] ACS's fourth affirmative defense appears to be missing the elements of taking action based in conformity with and in reliance upon agency action. Therefore, the Court will grant the motion to strike the fourth defense, with leave to amend.

### C. Equitable Relief/Unclean Hands Defense

ACS's sixth affirmative defense asserts that "Plaintiff's damages ... are barred in whole or in part by the equitable doctrine of unclean hands." See Defendant Applied Card Systems' Answer, Defenses and Affirmative Defenses at 9 [DE 6]. Plaintiff argues that since equitable relief is not available under the FLSA, equitable defenses such as unclean hands should not be available either.[5] Defendant argues that because Plaintiff seeks a declaratory judgment in its "Prayer" for relief, a form of equitable relief, an equitable defense may be raised. See Complaint, ¶ 56.

In Bailey v. Gulf Coast Transp., Inc., 280 F.3d 1333, 1335 (11th Cir. 2002), the Eleventh Circuit stated that for violations of wage and overtime provisions, the FLSA

---

[4] ACS bases its opposition to the motion to strike this defense upon case law from other Circuits.

[5] The Court notes that Plaintiff relies in part on unpublished opinions which are not attached to Plaintiff's motion and are not in the record. The Court does not rely on those decisions in reaching its conclusions on this issue.

"does not list equitable relief as an available remedy in an employee suit."[6] However, Defendant's Sixth Affirmative Defense specifically asserts that Plaintiff's damages are limited by the "equitable doctrine of unclean hands." To assert an unclean hands defense, a defendant "must satisfy two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct." Calloway v. Partners Nat. Health Plans, 986 F.2d 446, 450-451 (11th Cir. 1993) (internal citations omitted).

In this case, Defendant cannot show that any alleged wrongdoing by Plaintiff is directly related to limit an FLSA damages claim for minimum wage and overtime compensation since the statute and case law preclude equitable relief in addition to the unpaid wages.[7] Therefore, ACS's sixth affirmative defense is hereby stricken because it attempts to assert an equitable defense to a damage claim. This decision, is without prejudice to ACS asserting an equitable defense to an equitable claim of Plaintiff, if

---

[6] Bailey also held that for violations of its antiretaliation provisions, the FLSA **did** allow a private right of action to obtain legal or equitable relief including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. 280 F.3d at 1336 (quoting 29 U.S.C. § 216(b)).

[7] This issue is related to the set-off issue, discussed below, in that an employer cannot "clutter these proceedings with the minutiae of other employer-employee relationships." Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974). While not to trivialize the allegations brought by Defendant in its Response to Plaintiff's Motion, such allegations are not relevant to defense of FLSA wage and overtime claims. They may be relevant to a wrongful termination or retaliation claim, but such claims are not present in this case (and should not be raised by any future opt-in, similarly situated plaintiff).

Plaintiff has alleged an equitable claim.

### D. FLSA Exemptions

In its ninth affirmative defense, ACS alleges that Plaintiff was "exempt from the overtime pay requirements under the Fair Labor Standards Act under the administrative and executive exemptions and/or other white collar exemptions." See Defendant Applied Card Systems' Answer, Defenses and Affirmative Defenses at 9 [DE 6]. Plaintiff asserts that this defense does not provide sufficient notice as to which exemptions are at issue in this case. Plaintiff further seeks the Court to require ACS to plead the legal elements of each exemption and the facts that support such exemption. In its opposition to the motion to strike, ACS argues that because Plaintiff is seeking to add employees from "at least three different job categories," the broad language is appropriate.

The Court agrees in part with Plaintiff. Under a notice pleading standard ACS need not specify the facts that support each exemption it is asserting. However, ACS should list the exemptions that are at issue without simply stating "and/or other white collar exemptions." Therefore, the ninth affirmative defense is stricken, with leave to amend.

### E. Set-off

In its tenth affirmative defense, ACS states that "it is entitled to a set-off for all compensation and benefits Plaintiff would not otherwise have received if he was classified as a non-exempt associate." Plaintiff moves to strike this defense with prejudice, relying upon Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974). In Brennan, the former Fifth Circuit held that "arguments and disputations over claims against those

[overtime/minimum] wages are foreign to the genesis, history, interpretation, and philosophy of the Act." Thus, in general, an employer is not entitled to any set-off from minimum wage or overtime pay awards. ACS argues that recent Fifth Circuit decisions limit Brennan to situations where the wages paid after the setoff fall below the minimum standard. See Singer v. City of Waco, 324 F.3d 813, 828 n.9 (5th Cir. 2003). This Court notes that while Brennan is binding upon this court, Singer is not.[8] Singer involved a situation where offsets were permitted to firefighters routinely working overtime who received pre-payments of overtime wages as decided by the district court. ACS's theory in this case is that if Plaintiff is correct in his assertion that he was mis-categorized as a non-exempt employee, upon recharacterization as an exempt employee, certain prior benefits paid to Plaintiff based upon his being non-exempt could be offset against an overtime wages damage award.

This Court concludes that this issue cannot be decided at the pleading stage, but must rather await discovery and further briefing on this defense. Therefore, the motion to strike this defense is denied. However, as such a defense would appear to arise in nearly every FLSA mis-categorization case, Defendants would need more relevant decisions than Singer to overcome the general rule laid down by Brennan.

### III. CONCLUSION

Finally, with respect to the eleventh defense, which simply states that "ACS reserves the right to add additional defenses and affirmative defenses as this case proceeds," the Court denies the motion to strike, but notes that such a defense is

---

[8] See Bonner v. Pritchard, 661 F.2d at 1207, note 2 *supra*.

7

subject to the Court's scheduling order.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant Applied Card System's Defenses and Affirmative Defenses [DE 8] is hereby **GRANTED in part** as to defenses two, four, five, six, eight, and nine, and **DENIED** as to the other defenses.

2. Defendant shall file an Amended Answer by January 17, 2004 that complies with this Order. Such Amended Answer shall include all defenses, including those not stricken by this Order. Only the Amended Answer shall be used from this point forward in this litigation;

3. Plaintiff's Motion to Exceed Page Limitation [DE 16] is hereby **GRANTED** as no timely opposition to the motion was filed;

4. Plaintiff's Motion for Continuance of Trial [DE 10] is hereby **GRANTED** in part as follows: The deadline for joinder of parties, including the filing of a motion to allow notice to potential claimants, shall be March 1, 2005; the fact and expert discovery cutoff date shall be June 30, 2005; the mediation deadline shall be July 14, 2005; the summary judgment motion and motions to exclude/exclude expert testimony shall be due by July 14, 2005; the joint pretrial stipulation, motions in limine, and the designations of deposition excerpts for use of trial shall be September 1, 2005; responses to motions in limine shall be due by September 12, 2005, while objections to deposition designations shall also be due by September 12, 2005.

5. The Calendar Call for this case is hereby reset for Thursday, September 15, 2005 at 1:30pm;

6.  The trial in this case shall be held during the two-week trial period commencing September 19, 2005.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3RD day of January, 2005.

_____
JAMES I. COHN
United States District Judge

copies to:

| | |
|---|---|
| William Hershman, Esq. | (Via fax to 954-458-1324) |
| Beth Joseph, Esq./Mark Zelek, Esq. | (Via fax to 877-432-9652) |